IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ACEVEDO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRANSMONTAIGNE INC., AND | § | _____ |
| TRANSMONTAIGNE SERVICES, | § | |
| INC. AKA TRANSMONTAIGNE | § | |
| PRODUCTS SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

TransMontaigne Inc. and TransMontaigne Services Inc. ("Defendants") notify the Court, pursuant to 28 U.S.C. §§ 1441 and 1446(a), of the removal of the action styled *Maria Acevedo vs. TransMontaigne, Inc. and TransMontaigne Services, Inc aka TransMontaigne Products Services, Inc.*, Cause No. 2008-CCL-1095-C, filed in the County Court at Law No. 3 of Cameron County, Texas (the "State Court Action").

Defendants remove this case on the grounds of the Court's original diversity jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C.§§ 1332(a)(1), 1441(a), and states as follows:

1.  Plaintiff filed the State Court Action on September 15, 2008. Plaintiff filed a First Amended Original Petition (the "Petition") on October 8, 2008. Mark Helmke was a named individual defendant in the Original Petition. This case originally was not removable because Helmke is a citizen of Texas, thus precluding the existence of diversity jurisdiction. On August 13, 2009, Plaintiff voluntarily dismissed Helmke from the lawsuit. As explained below, the

voluntary dismissal resulted in complete diversity of citizenship, and the case thereby became removable. Removal is timely in that no more than 30 days have elapsed since the state court signed the order dismissing Mr. Helmke from the case, which constitutes an "other paper" making the case removable. *See* 28 U.S.C. § 1446(b); *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 911-12 (5th Cir. 2000) (diversity created by voluntary act of plaintiff permits removal); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967) (same).

2. In accordance with Local Rule 81, Defendants attach an Index of Matters Being Filed with this Notice of Removal as Exhibit A. Attached as Exhibit B is a list of all counsel of record. Attached as Exhibits C to Y are true and correct copies of all process, pleadings, and orders that have been served or filed in the State Court Action. Attached as Exhibit Z is a copy of the State Court Action Docket Sheet.

3. Plaintiff in the State Court Action avers that she is a resident of the State of Texas. Petition § II. On information and belief, Defendants assert that Plaintiff was at the time of filing of the Petition in the State Court Action, and is now, a citizen of the State of Texas. Further, Defendants were, at the time of filing of the Petition, and are now, completely diverse. TransMontaigne Services Inc. is the correct defendant because it is the entity that employed Plaintiff. TransMontaigne Inc. is not a proper party because it is merely the parent corporation of TransMontaigne Services Inc. In fact, the state court has entered a judgment dismissing TransMontaigne Inc. from this action. Because the state court did not sever the claims against TransMontaigne Inc. from the other claims, however, it is unclear whether that judgment is final under state law. Therefore, out of an abundance of caution, both Defendants are removing this action. In any event, whether or not TransMontaigne Inc. is still considered to be a party does not affect jurisdiction because both Defendants are completely diverse from Plaintiff. Both

corporations are organized and chartered under the laws of the State of Delaware, and their principal places of business are in Denver, Colorado. Thus, because Plaintiff is a citizen of Texas and Defendants are citizens of Colorado, there exists complete diversity of citizenship between Plaintiff and Defendants. 28 U.S.C. § 1332(c)(1).

5. The amount-in-controversy requirement is met under established Fifth Circuit law. Plaintiff's Petition in the State Court Action alleges Defendants violated the Texas Commission on Human Rights Act through alleged sexual harassment, sexual discrimination, and retaliation. *Petition* §§ V-VI. Plaintiff seeks unspecified amounts of damages for loss of income, loss of retirement and medical plans, fringe benefits, and loss of future income in the form of (i) back and front pay; (ii) lost wages; (iii) lost future earnings; and (iv) diminished earning capacity. In addition, Plaintiff seeks damages for past and future mental anguish, as well as attorneys' fees and court costs. *Petition* § VII. Based on Plaintiff's allegations and request for damages, it therefore is facially apparent that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Therefore, the amount-in-controversy requirement is met.

6. In fact, Plaintiff's back pay claim alone accounts for two thirds of the required amount in controversy. Her hourly rate was $12.99, and she typically worked a 40 hour work week. Plaintiff's employment ended in October of 2007. Thus, her claimed back pay alone puts in controversy approximately $50,000 at this point in time. The remaining portion of the amount-in-controversy requirement is easily satisfied by her claims for the many other types of damages and attorney's fees she seeks.

7. Accordingly, this case is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one that may be removed to this Court pursuant to 28

U.S.C. § 1441(a) and (b) inasmuch as this is a civil action brought in a state court over which this Court has original jurisdiction, in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

7.     The factual allegations made in this pleading will be supported by affidavit or other summary-judgment-type evidence should the Court so request.  *See Allen*, 63 F.3d at 1336 (5th Cir. 1995) (facts supporting removal ordinarily should be set out in the removal petition and the court can later require summary-judgment-type evidence should questions about jurisdiction arise); *see also Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

9.     This action may be removed to the United States District Court for the Southern District of Texas, Brownsville, because the action is pending in Cameron County, Texas, which is within the jurisdiction of the Brownsville Division.  28 U.S.C. §§ 124(b)(4), 1446(a).

10.    Defendants will give written notice of the filing of this Notice to Plaintiff and will file a copy of this Notice with the Clerk of the state court pursuant to 28 U.S.C. § 1446(d).

11.    Defendants therefore remove the State Court Action to this Court, and request that the Court issue any orders necessary to stay proceedings in the State Court Action and assume jurisdiction over this action for all purposes.

Dated: September 4, 2009.

Respectfully submitted,

s/  Christopher D. Smith
Christopher D. Smith, attorney in charge
   State Bar No. 24051349
   Southern District No. 814940
Thompson & Knight LLP
98 San Jacinto Blvd., Suite 1900
Austin, Texas  78701
Phone: (512) 469-6100
Fax:    (512) 469-6180

OF COUNSEL:

Bryan P. Neal
   State Bar No. 00788106
   Southern District No. 19107
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone:  (214) 969-1700
Fax:     (214) 969-1751

Trey Martinez
   State Bar No. 00797011
   Southern District No. 23945
Law Offices of  Benigno (Trey)
Martinez, PLLC
1201 East Van Buren
Brownsville, Texas  78520
Phone: (956) 546-7159
Fax:    (956) 544-0602

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 4, 2009, a true and correct copy of the foregoing was served on plaintiff's counsel of record by the Notice of Electronic Filing automatically generated by this Court's ECF system or by certified mail, return receipt requested at the below address:

Mr. Miguel Salinas  
Law Office of Miguel Salinas  
325 East Jefferson  
Brownsville, Texas  78520

                                          s/ Christopher D. Smith  
                                          Christopher D. Smith

514159 000005 DALLAS 2527488.3