IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ACEVEDO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRANSMONTAIGNE INC., AND | § | 1:09-CV-00207 |
| TRANSMONTAIGNE SERVICES, | § | |
| INC. AKA TRANSMONTAIGNE | § | |
| PRODUCTS SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT TRANSMONTAIGNE SERVICES INC.'S MOTION TO COMPEL AND BRIEF IN SUPPORT

TO THE HONORABLE COURT:

### I. SUMMARY OF THE ARGUMENT

TransMontaigne Services Inc. ("TransMontaigne"), under FED. R. CIV. P. 37, asks the Court to compel Plaintiff Maria Acevedo to properly respond to discovery. TransMontaigne brings this motion only after several unsuccessful attempts to resolve these issues by agreement. Acevedo sued TransMontaigne in Texas state court and this action was subsequently removed. Thus, at all times Acevedo has been bound either by the Texas Rules of Civil Procedure or the Federal Rules of Civil Procedure.[1] But Acevedo has repeatedly breached those rules by failing

---

[1] Because TransMontaigne's discovery requests were served and answered prior to removal, TransMontaigne references both the Federal and Texas state discovery rules. Generally, upon removal the Federal court takes the state case as it was in state court. *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 1049 (1993). Because the deadline to respond to the discovery requests at issue had already expired at the time of removal, the responses initially were governed by state law. This Court's instruction to Acevedo's counsel at the initial status conference to respond to pending discovery could, however, subject the responses to federal law. In any event, the Court need not resolve which rules apply because the resolution of the issues presented in this motion is the same under either the Texas or Federal rules.

to serve her Rule 26(a) initial disclosures, failing to properly respond to requests for production ("RFPs"), and failing to properly answer interrogatories. Therefore, the Court should grant this motion and issue an order compelling Acevedo to serve amended discovery responses.

## II. STATEMENT OF ISSUES

TransMontaigne asks the Court to resolve the following issues.

- **Issue 1:** Acevedo has not served TransMontaigne with her Rule 26(a) disclosures. Under FED. R. CIV. P. 26(a)(1)(C), those disclosures are almost two months overdue. Should the Court compel Acevedo's Rule 26(a) disclosures?

- **Issue 2:** A number of Acevedo's answers to TransMontaigne's first set of RFPs exclude documents within her custody or control. Other answers are nonresponsive. Both FED. R. CIV. P. 34 and TEX. R. CIV. P. 196 require a person responding to RFPs to fully answer each request and produce documents in her custody or control. Should the Court compel Acevedo to serve amended answers to RFPs?

- **Issue 3:** Acevedo's interrogatory answers are not signed, and she completely failed to answer one interrogatory. Both FED. R. CIV. P. 33 and TEX. R. CIV. P. 197 require that interrogatories be fully answered and signed. Should the Court compel Acevedo to serve amended answers to interrogatories?

The answer to all of these questions is "Yes."

## III. APPENDIX

TransMontaigne has filed an Appendix concurrently with and in support of this motion. The Appendix contains the exhibits listed below and is hereby incorporated by reference. All citations to exhibits in this motion refer to the exhibits in the Appendix.

- Exhibit A – TransMontaigne's First Set of RFPs to Acevedo (Mar. 9, 2009)

- Exhibit B – TransMontaigne's First Set of Interrogatories to Acevedo (Mar. 9, 2009)

- Exhibit C – Acevedo's Answers to TransMontaigne's First Set of RFPs (Aug. 13, 2009)

- Exhibit D – Acevedo's Answers to TransMontaigne's First Set of Interrogatories (Aug. 13, 2009)

- Exhibit E – TransMontaigne's Motion for Discovery Sanctions (July 20, 2009)

- Exhibit F – Letter from C. Smith to M. Salinas (Jan. 11, 2010)
- Exhibit G – Letter from C. Smith to M. Salinas (Feb. 9, 2010)

## IV. BACKGROUND

On March 9, 2009, TransMontaigne served Acevedo with its first sets of RFPs and interrogatories. Ex. A; Ex. B. Despite numerous calls and letters to Acevedo's counsel, Acevedo did not respond to these requests, forcing TransMontaigne to file a motion to compel. The state court granted that motion on June 1, 2009 and ordered Acevedo to respond to discovery by June 15, 2009. Acevedo then failed to comply with that order, forcing TransMontaigne to file a motion for discovery sanctions. *See* Ex. E at 1-2 (summarizing the discovery history in state court).

At the hearing in state court on TransMontaigne's motion for discovery sanctions Acevedo's counsel handed TransMontaigne's counsel responses to interrogatories and RFPs. *See* Ex. C; Ex. D. Those responses, along with Acevedo's failure to serve Rule 26(a) disclosures, are the subject of this motion. As TransMontaigne's counsel explained to this Court during the January 5 status conference, the state court had not ruled on the motion for sanctions as of the time TransMontaigne removed the case to this Court. This Court, however, instructed Acevedo's counsel to comply with any outstanding discovery requests by January 31, 2010.

## V. CERTIFICATE OF CONFERENCE

Pursuant to LR7.1.D, section 6.J and 6.K of the Court's procedures, and the standards of professional courtesy, Counsel for TransMontaigne has attempted to confer with Acevedo's counsel regarding the contents of this motion. Specifically, Counsel for TransMontaigne has left voice messages on Acevedo's counsel's cell phone, as he requested at the initial scheduling conference. Counsel for TransMontaigne also sent Acevedo's counsel follow-up letters to those

messages on January 11 and February 9, 2010. Ex. F; Ex. G. Counsel for TransMontaigne has not received any response to those inquiries.

Unfortunately, it appears that Acevedo's counsel's pattern of nonresponsiveness exhibited while this case was in state court has continued following removal and after the Court admonished the parties to work out discovery issues. Acevedo's failure to timely respond to *every* discovery request served on her, the inadequacy of her late responses, and her counsel's failure to return phone calls, has made this motion necessary. Should the Court be so inclined, Acevedo's conduct would justify the imposition of sanctions under FED. R. CIV. P. 37.

## VI. ARGUMENT

### A. Acevedo failed to timely serve her Rule 26 disclosures.

Under FED. R. CIV. P. 26(a)(1)(C), a party must make its initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. Here, there was no Rule 26(f) conference because Acevedo's counsel refused to respond to TransMontaigne's counsel's letters and phone calls. At the latest, Acevedo's Rule 26(a) disclosures were due on December 29, 2009, which is 14 days after the scheduling conference should have taken place. *See* FED. R. CIV. P. 26(f)(1) (requiring the Rule 26(f) conference to occur at least 21 days before the initial scheduling conference, held on January 5, 2010).

Following the January 5, 2010 scheduling conference, TransMontaigne's counsel twice asked for the prompt production of Acevedo's Rule 26(a) disclosures, to no avail. *See* Ex. F; Ex. G. Given that Acevedo's Rule 26(a) disclosures are almost two months overdue, the Court should compel her to promptly serve her disclosures.

### B. Acevedo's responses to TransMontaigne's RFPs are inadequate.

Plaintiff qualified her answers to RFPs 1 – 6, 8 – 26, 28 – 34, 35 – 38, 40 – 43, 45 – 62, 65, 66, and 68 – 70 with the phrase "in Plaintiff's possession." *See* Ex. C. Under both the

4

Federal and Texas discovery rules, a party responding to RFPs must produce not only documents in her possession, but also documents within her custody or control. *See* FED. R. CIV. P. 34(a)(1); TEX. R. CIV. P. 192.3(b). Acevedo's responses leave open the possibility that she has responsive documents within her control or custody but has not produced them. Therefore, TransMontaigne has asked Acevedo to clarify whether she has withheld any documents not in her possession but within her custody or control. She has refused to do so. The Court thus should order Acevedo to serve amended responses clarifying that, for the requests identified above, she has either produced all responsive documents within her possession, custody, or control, or that no such documents exist.

Acevedo's responses to RFPs 7, 27, 34, 39, 44, and 67 state simply: "Not applicable." This not a proper response to a request for production. *See* FED. R. CIV. P. 34(b)(2); TEX. R. CIV. P. 196.2(b). Acevedo should be ordered to serve amended responses clarifying either that she will produce all responsive documents in her possession, custody, or control, or that no such documents exist.

Acevedo responded to RFP 51 by stating that responsive documents will be supplemented. But she has not produced the referenced supplementation. Acevedo should be ordered to amend her response to state that responsive documents have been produced and ordered to promptly supplement her production.

### C. Acevedo's interrogatory responses are inadequate.

Acevedo did not answer interrogatory 10, and instead stated: "Will supplement." In addition, Acevedo failed to sign her interrogatory answers as required. *See* FED R. CIV. P. 33(b)(5); TEX. R. CIV. P. 197(d). The Court should compel Acevedo to serve amended answers that are signed and that include an answer to interrogatory 10.

## VII. CONCLUSION

For these reasons, TransMontaigne respectfully asks the Court to issue an order:

1. Compelling Acevedo to promptly serve her Rule 26(a) disclosures;

2. Compelling Acevedo to promptly serve amended responses to TransMontaigne's RFPs. The amended responses should pertain to all documents in Acevedo's possession, custody, or control. In addition, the amended responses should not state "not applicable" or "will supplement;"

3. Compelling Acevedo to promptly serve amended responses to TransMontaigne's First Set of Interrogatories. The amended responses should fully answer each interrogatory and be signed by Acevedo;

4. Instructing Plaintiff that her failure to comply with the Court's order or future discovery deadlines may result in dismissal or other sanctions; and

5. Awarding TransMontaigne all other relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Christopher Smith*

Christopher D. Smith, attorney in charge
  State Bar No. 24051349
  Southern District No. 814940
Thompson & Knight LLP
98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
Phone: (512) 469-6100
Fax:   (512) 469-6180

OF COUNSEL:

Bryan P. Neal
  State Bar No. 00788106
  Southern District No. 19107
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1700
Fax:   (214) 969-1751

Trey Martinez<br>
State Bar No. 00797011<br>
Southern District No. 23945<br>
Law Offices of Benigno (Trey)<br>
Martinez, PLLC<br>
1201 East Van Buren<br>
Brownsville, Texas 78520<br>
Phone: (956) 546-7159<br>
Fax: (956) 544-0602

ATTORNEYS FOR DEFENDANTS

514159 000005 AUSTIN 264141.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, a true and correct copy of the foregoing is served on plaintiff's counsel of record by certified mail, return receipt requested, at the below address:

Mr. Miguel Salinas  
Law Office of Miguel Salinas  
325 East Jefferson  
Brownsville, Texas 78520

                                            /s/ *Christopher Smith*  
                                            Christopher D. Smith