IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ACEVEDO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRANSMONTAIGNE INC., AND | § | 1:09-CV-00207 |
| TRANSMONTAIGNE SERVICES, | § | |
| INC. AKA TRANSMONTAIGNE | § | |
| PRODUCTS SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TRANSMONTAIGNE SERVICES INC.'S**
**MOTION FOR DISCOVERY SANCTIONS IN THE FORM OF DISMISSAL AND**
**BRIEF IN SUPPORT**

**I. SUMMARY OF THE ARGUMENT**

TransMontaigne Services Inc. ("TransMontaigne"), under FED. R. CIV. P. 37(b)(2), asks the

Court to impose discovery sanctions in the form of dismissal based on Plaintiff Maria Acevedo's

failure to comply with the Court's order granting TransMontaigne's first motion to compel. That

order required Acevedo to serve amended discovery responses by April 1, 2010. She failed to do

so.

In fact, Acevedo has failed to meet every discovery deadline, violated two court orders, and

forced TransMontaigne seek court intervention six times, including three times since the case

was removed. Acevedo also ignored the Court's warning that her continued failure to comply

may result in sanctions up to and including dismissal. Given that history of disregard of the

rules, this Court's admonitions, and, now, this Court's order, sanctions in the form of dismissal

of the case with prejudice are warranted.

## II.  STATEMENT OF THE ISSUE

The Court ordered Acevedo to serve TransMontaigne with amended discovery responses by April 1, 2010.  The Court warned Acevedo that her failure to comply with the order or future discovery deadlines may result in dismissal.  Acevedo failed to comply with the April 1 deadline and failed to timely respond to other discovery requests, both of which are among a pattern of failure to comply with applicable requirements.  Is the sanction of dismissal appropriate?

## III.  APPENDIX

TransMontaigne has filed an Appendix concurrently with and in support of this motion. The Appendix contains the exhibits listed below and is hereby incorporated by reference.  All citations to exhibits in this motion refer to the exhibits in the Appendix.

- Exhibit A – Letter from C. Smith to M. Salinas (Apr. 5, 2010)
- Exhibit B – Acevedo's responses to TransMontaigne's second sets of requests for production and interrogatories (Apr. 1, 2010)[1]

## IV.  CERTIFICATE OF CONFERENCE

Pursuant to LR7.1.D and §§ 6.J and 6.K of the Court's procedures, counsel for TransMontaigne attempted to confer with Acevedo's counsel by phone and by letter regarding the contents of this motion on April 5, 2010.  *See* Ex. A.  Acevedo's counsel did not respond prior to the filing of this motion.

## V.  BACKGROUND

At the initial scheduling conference following removal from state court, TransMontaigne expressed its concerns regarding Acevedo's repeated failure to comply with discovery obligations in state court and Acevedo's counsel's continuing failure to respond to attempts to

---

[1] Acevedo's discovery responses incorrectly state that they respond to TransMontaigne's third set of interrogatories and requests for production.  TransMontaigne has served only two sets of discovery requests on Acevedo.

confer regarding discovery issues. The Court admonished the parties to comply with the discovery rules, and instructed Acevedo's counsel to serve all outstanding discovery responses by January 31, 2010.

After Acevedo failed to comply with the Court's instruction, TransMontaigne filed its first motion to compel and asked the Court to compel Acevedo to serve her overdue Rule 26(a) disclosures. *See* Docket No. 9. TransMontaigne also asked the Court to order Acevedo to serve amended responses to TransMontaigne's first requests for production and interrogatories, which included a number of non-responsive answers, improper qualifications, and unverified interrogatory answers. These items previously had been the subject of a motion to compel in state court, which the state judge had granted. In its motion in this Court, TransMontaigne summarized Acevedo's discovery abuse in state court, including (1) her repeated failure to respond to requests for disclosure, requests for production, requests for admissions, and interrogatories, (2) her failure to comply with the state court's discovery order compelling her to respond, and (3) her counsel's failure to respond to TransMontaigne's counsel's calls and letters requesting overdue discovery.

The Court granted TransMontaigne's first motion to compel on March 18, 2010, and ordered Acevedo to serve her Rule 26(a) disclosures and amended responses to requests for production and interrogatories by April 1. *See* Docket No. 10. Acevedo never responded to the motion. In its order, the Court stated: "Acevedo is hereby admonished that her failure to comply with this ORDER or future discovery deadlines may result in dismissal." As of the date of this motion, TransMontaigne has not received Acevedo's Rule 26(a) disclosures or her amended responses to TransMontaigne's first interrogatories and requests for production.

3

On March 26, 2010, after conferring with opposing counsel, TransMontaigne filed a second motion to compel. The basis for the second motion was Acevedo's complete failure to answer TransMontaigne's second set of requests for production and interrogatories, which were due on March 15. Importantly, Acevedo's failure to respond continued even after the Court's warning of possible sanctions in its March 18 order.

On April 1, Acevedo served her responses to the discovery at issue in TransMontaigne's second motion to compel. Unfortunately, those responses include improper answers (*e.g.*, "not applicable") and qualifications (*e.g.*, limiting responses to requests for production to documents "in Plaintiff's possession"), and unverified interrogatory answers. *See* Ex. B. These exact same deficiencies were addressed in TransMontaigne's first motion to compel, and in paragraphs 3 and 4 of the Court's order granting that motion, the Court directed Acevedo to avoid such deficiencies.[2] TransMontaigne's second motion is currently pending, and Acevedo has not filed a response.

Thus, after repeatedly failing to comply with discovery rules, being ordered by the Court to comply, and being warned that failure to comply may result in dismissal, Acevedo (1) failed to serve amended discovery responses by April 1 as required by the Court's March 18 order, and (2) served untimely responses to other discovery requests containing responses that the Court has already determined to be inadequate.

---

[2] As explained in TransMontaigne's first motion to compel, "not applicable" is not a proper response to a request for production. Likewise, stating that Acevedo has produced documents "in her possession" leaves open the possibility that she is withholding documents otherwise in her custody or control.

## VI. ARGUMENT

The Court has broad authority to impose sanctions for discovery abuse.[3] When a party fails to obey a specific order to provide discovery, a court may issue an order imposing severe non-monetary sanctions, including an order striking out pleadings, staying further proceedings until the non-moving party has fully complied with the rules of discovery, and even dismissing the action.[4] Instead of or in addition to the foregoing, "the court must order the disobedient party, the attorney advising that party, or both" to pay the other side's attorney's fees caused by the failure.[5]

Sanctions are plainly appropriate here. Both TransMontaigne and the Court have given Acevedo and her counsel repeated opportunities to comply. Prior to filing each of its discovery motions, TransMontaigne's counsel contacted Acevedo's counsel in an attempt to resolve the issues, but was rebuffed. In addition, TransMontaigne did not immediately seek severe sanctions. At the initial hearing TransMontaigne voiced its concerns. In its first motion to compel, although sanctions were available under FED. R. CIV. P. 37(a)(3), TransMontaigne did not seek *any* sanctions against Acevedo. In its second motion to compel, TransMontaigne sought the relatively limited sanction of attorney's fees incurred as a result of Acevedo's complete failure to respond to requests for production and interrogatories.[6] Those sanctions still are

---

[3] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976).

[4] FED. R. CIV. P. 37(b)(2)(A).

[5] FED. R. CIV. P. 37(b)(2)(C).

[6] *See* FED. R. CIV. P. 37(d)(3).

warranted because although Acevedo has produced some responses she did so only after TransMontaigne filed its motion, and the responses are plainly inadequate.[7]

The Court has also demonstrated patience. At the initial hearing, the Court gave Acevedo's counsel almost a month to serve discovery responses that had been outstanding for months. Then, in its March 18 order, it gave Acevedo two more weeks to respond. The level of disregard that Acevedo and her counsel have shown TransMontaigne and the Court by still refusing to comply after being ordered to do so by a date certain is exceptional. And in exceptional cases, a court may impose the severe discovery sanction of dismissal.[8]

In determining whether the sanction of dismissal is appropriate, a court should consider (1) whether the failure to comply is the result of willfulness or bad faith and not from an inability to comply, (2) whether the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions, (3) whether the discovery abuse substantially prejudices the opposing party's ability to prepare for trial, and (4) whether a party's failure to comply is based on the negligence of an attorney rather than a blameless client or is otherwise grounded in confusion or

---

[7] *See* FED. R. CIV. P. 37(a)(4) (incomplete answers are treated as a failure to respond) *and* 37(a)(5)(A) (providing that if responses are provided after a motion to compel is filed, the offending party still may be required to pay the movant's reasonable expenses incurred in making the motion).

[8] *See, e.g., Nat'l Hockey League*, 427 U.S. at 640 (discussed below); *Prince v. Poulos*, 876 F.2d 30 (5th Cir. 1989) (holding that the district court did not abuse its discretion after dismissing plaintiff's wrongful termination complaint where plaintiff failed to comply with a discovery order warning of possible dismissal and refused to produce documents that were originally requested 18 months earlier); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427 (5th Cir. 1987) (affirming district court's dismissal of an action after the plaintiff failed to comply with a court order requiring interrogatory answers and warning that failure to comply with the order would result in dismissal); *Bluitt v. Arco Chem. Co.*, 777 F.2d 188 (5th Cir. 1985) (affirming district court's dismissal of sex-discrimination case after the plaintiff failed to comply with three court orders requiring interrogatory answers).

sincere misunderstanding of the court's orders.[9]   All of these factors justify dismissing Acevedo's claims.

### A.   Acevedo's conduct establishes a willful disregard for the Court and TransMontaigne.

Acevedo has never claimed that her discovery abuse is a result of an inability to comply. Rather, Acevedo's counsel told the Court at the initial conference that he could and would comply with discovery going forward.  Therefore, Acevedo's failure to comply with discovery demonstrates bad faith or, at a minimum, a willful disregard of the discovery rules.

Similar conduct has been found by the United States Supreme Court to justify dismissal.  In *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, the plaintiffs failed to substantially answer interrogatories for over 17 months after several extensions and admonitions by the court.[10]   The district judge characterized the plaintiffs' conduct as a "callous disregard of responsibilities" owed to the court and opposing parties, and dismissed the case.[11]   The Supreme Court found that the district court was "extremely patient" in giving the plaintiffs time to respond and noted that not only did the plaintiffs fail to respond, when they finally did respond, their responses were inadequate.[12]

The facts before this Court are very similar.  Acevedo did not respond to TransMontaigne's first set of requests for production and interrogatories until they were 5 months overdue, and then served inadequate responses. Then she ignored the Court's order giving her additional time to

---

[9] *Nat'l Hockey League*, 427 U.S. at 640; *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985); *Marshall v. Segona*, 621 F. 2d 763, 768 (5th Cir. 1980).

[10] *Nat'l Hockey League*, 427 U.S. at 641.

[11] *Id.*

[12] *Id.* at 642.

respond and now a year has passed since those responses were originally due.[13] Likewise, after being ordered to comply with all discovery deadlines Acevedo served late discovery responses to TransMontaigne's second set of discovery that contained responses already determined by the Court to be improper. All of these actions were taken in spite of TransMontaigne's efforts to resolve the issues prior to seeking court intervention. Acevedo's conduct has flaunted the discovery process and Court's March 18 order, and justifies severe sanctions.

## B.    Deterrence requires the imposition of severe sanctions.

Sanctions serve not just to penalize the offending party but to deter those who might be tempted to engage in such conduct absent the sanction.[14] Imposing severe sanctions here would serve to deter other parties and attorneys from filing a lawsuit and then simply sitting back and doing nothing and waiting for a settlement. Acevedo sued TransMontaigne and made serious allegations of discrimination and harassment. She then refused to participate in discovery. She has not even sought discovery or otherwise participated in the case. Her conduct hinders TransMontaigne's defense of the case in that TransMontaigne believes that it needs the documents and other information it has sought prior to taking Acevedo's deposition. And TransMontaigne needs Acevedo's deposition to determine whether to file a summary judgment motion by the fast-approaching deadline and, regardless, to prepare for a potential trial. This type of conduct needlessly increases litigation costs and wastes both the parties' and the Court's time.

---

[13] *See* Docket No. 9-1 at 18 (TransMontaigne's first motion to compel at Ex. A, B) (discovery requests served by TransMontaigne Mar. 9, 2009).

[14] *Id.* at 643.

8

Lesser sanctions will not be sufficient to deter this type of behavior. Because the issues encompassed in the Rule 26(a) disclosures which Acevedo failed to serve necessarily involve her whole case, a sanction that designates facts established, prohibits Acevedo's claims or defenses, or strikes Acevedo's pleadings,[15] would have the same practical effect as a dismissal, but would needlessly draw out this litigation. Given that Acevedo's strategy seems to be based on delay in hopes of a settlement or precluding TransMontaigne from filing a summary judgment motion and thereby getting her case before a jury whether or not a trial is appropriate, such sanctions would only reward her discovery abuse. Likewise, monetary sanctions alone, which could be recouped if a defendant was forced to settle due to the prospect of high litigation costs resulting from a nuisance suit, are insufficient to deter future conduct. The only way to deter parties from filing suit and then simply refusing to participate in discovery is to sanction such parties with the prospect of dismissal.

## C. Acevedo's conduct has prejudiced TransMontaigne's ability to prepare for trial.

Federal Rule 26(a) disclosures, and the analogous state court disclosures, are designed to give opposing parties basic information about the legal and factual bases for a party's claims. After 18 months of litigation TransMontaigne still has not received these most basic of discovery responses. Nor has TransMontaigne received proper answers to its other written discovery requests. Without this information, TransMontaigne cannot adequately prepare to depose witnesses or prepare dispositive motions. The discovery deadline is June 18, 2010, and the deadline for filing dispositive motions is May 7. Trial is set for August 5. Given these pressing

---

[15] FED. R. CIV. P. 37(b)(2)(i)-(iii).

9

deadlines, Acevedo's discovery abuse has materially prejudiced TransMontaigne's ability to prepare.

**D.      Acevedo's conduct is not based on confusion and the Court should dismiss the case based on Acevedo's counsel's conduct alone.**

The final criteria in assessing the appropriateness of dismissal requires the Court to consider whether Acevedo's failure to comply was the result of confusion and, if Acevedo's counsel is to blame for the noncompliance, whether she should be punished for the negligence of her attorney.

With respect to the first element, the Court's instruction to Acevedo's counsel and its March 18 order could not have been clearer. The order unambiguously set an extended deadline for Acevedo to respond and stated the consequences of failing to meet that deadline. It is not plausible that Acevedo's counsel could have mistaken the requirements of the order.

With respect to the second element, TransMontaigne does not know whether the responsibility for the discovery abuse lies primarily with Acevedo or her counsel. But even assuming that her counsel is primarily responsible, the Court should still exercise its discretion and dismiss this suit. In *Vela v. Western Electric Co.*, the Fifth Circuit Court of Appeals held that where a lawyer's neglect has been great, the district court's exercise of discretion to dismiss the case should not be disturbed.[16] The court reasoned that while it was unfortunate that a plaintiff may forfeit its cause of action because of the actions of its counsel, "busy courts should not be required to trifle forever with counsel who does not pay attention to his duty to the clients

---

[16] *Vela v. Western Electric Co.*, 709 F.2d 375, 377 (5th Cir. 1983) (per curium); *see Truck Treads*, 818 F.2d at 430 (affirming district court's dismissal where lawyer acted with willful disregard of discovery, despite the fact that the conduct may not have been attributable to the client); *see also Murray v. Serena Software Inc.*, 212 Fed. Appx. 349, 351 (5th Cir. 2007) (unpublished) (where the record raised a question of the relative culpability between client and counsel for discovery abuse, the court upheld the district court's sanction of dismissal, but remanded the case for the limited purpose of apportioning the attorney's fee sanction between the client and counsel).

and to the court."[17] While it is not clear whether Acevedo or her counsel is primarily at fault, it is clear that TransMontaigne and the Court are not. The Court should therefore exercise its discretion and dismiss Acevedo's case to prevent the continuing waste of TransMontaigne's and the Court's resources and time.

## VII.  CONCLUSION

Acevedo has abused TransMontaigne and the judicial system long enough. TransMontaigne therefore respectfully asks the Court to issue an order dismissing Acevedo's case with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Alternatively, TransMontaigne asks the Court to issue an order:

1. Imposing another sanction under Fed. R. Civ. P. 37(b)(2)(A);

2. Ordering Acevedo to pay the reasonable expenses, including attorneys' fees, incurred by TransMontaigne due to Acevedo's discovery abuse, with the amount to be determined according to proof TransMontaigne will file in a time dictated by the Court;

3. Compelling Acevedo to promptly comply with the Court's March 18 order;

4. Compelling Acevedo to promptly serve amended responses to TransMontaigne's second set of requests for production that pertain to all documents in Acevedo's possession, custody, or control and that do not state "not applicable;"

5. Compelling Acevedo to promptly serve amended responses to TransMontaigne's second set of interrogatories that fully answer each interrogatory and are signed by Acevedo;

6. Instructing Plaintiff that her continued failure to comply with the Court's order or future discovery deadlines may result in dismissal or other sanctions; and

7. Awarding TransMontaigne all other relief to which it may be justly entitled.

---

[17] *Vela*, 709 F.2d at 376.

Respectfully submitted,

*/s/ Christopher Smith*
Christopher D. Smith, attorney in charge
  State Bar No. 24051349
  Southern District No. 814940
Thompson & Knight LLP
98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
Phone: (512) 469-6100
Fax:   (512) 469-6180

OF COUNSEL:

Bryan P. Neal
  State Bar No. 00788106
  Southern District No. 19107
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1700
Fax:   (214) 969-1751

Trey Martinez
  State Bar No. 00797011
  Southern District No. 23945
Law Offices of Benigno (Trey)
Martinez, PLLC
1201 East Van Buren
Brownsville, Texas 78520
Phone: (956) 546-7159
Fax:   (956) 544-0602

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, a true and correct copy of the foregoing is served on plaintiff's counsel of record by certified mail, return receipt requested, at the below address, and by electronic service.

Mr. Miguel Salinas
Law Office of Miguel Salinas
325 East Jefferson
Brownsville, Texas 78520

/s/ *Christopher Smith*
Christopher D. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ACEVEDO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRANSMONTAIGNE INC., AND | § | 1:09-CV-00207 |
| TRANSMONTAIGNE SERVICES, | § | |
| INC. AKA TRANSMONTAIGNE | § | |
| PRODUCTS SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

## **APPENDIX**

Exhibit A      Letter from C. Smith to M. Salinas (Apr. 5, 2010)

Exhibit B      Acevedo's responses to TransMontaigne's second sets of requests for production and interrogatories (Apr. 1, 2010)

# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

CHRISTOPHER SMITH

DIRECT DIAL: (512) 469-6108
EMAIL: Chris.Smith@tklaw.com

1900 SAN JACINTO CENTER
98 SAN JACINTO BOULEVARD
AUSTIN, TEXAS 78701-4238
(512) 469-6100
FAX (512) 469-6180
www.tklaw.com

AUSTIN
DALLAS
FORT WORTH
HOUSTON
NEW YORK
SAN ANTONIO

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS

April 5, 2010

*Via Facsimile 956-550-1134*

Mr. Miguel Salinas
Law Office of Miguel Salinas
325 East Jefferson
Brownsville, Texas 78520

> Re:  Cause No. 1:09-CV-00207
> *Maria Acevedo vs. TransMontaigne Inc., et al*; in the Southern District of Texas;
> Brownsville Division

Dear Mr. Salinas:

This morning I left a message on your cell phone regarding the following two issues. First, your amended responses to TransMontaigne's first set of discovery were required to have been served on April 1, 2010. As of today we have not received those responses.

Second, we received your responses to TransMontaigne's second set of discovery last Thursday. Those responses, however, fail to comply with the rules because they contain non-responsive or improperly qualified answers and because the interrogatory responses are not verified. These are the exact same issues we raised in our first motion to compel, and the same issues that the Court ordered corrected.

If we do not receive your client's amended discovery responses by noon tomorrow, we will have no choice but to seek additional Court intervention.

Sincerely,

Christopher Smith



| TRANSMITTED/STORED APR. 5. 2010 3:59PM | | | | |
|---|---|---|---|---|
| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
| 6072 MEMORY TX | | 19565501134 | OK | 2/2 |

--------------------------------------------------------------------------------
```
REASON FOR ERROR
   E-1) HANG UP OR LINE FAIL          E-2) BUSY
   E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
```
--------------------------------------------------------------------------------

# THOMPSON & KNIGHT LLP

### ATTORNEYS AND COUNSELORS

CHRISTOPHER D. SMITH

DIRECT DIAL: (512) 469-6108
EMAIL: Chris_Smith@tklaw.com

1900 SAN JACINTO CENTER
98 SAN JACINTO BOULEVARD
AUSTIN, TEXAS 78701-4238
(512) 469-6100
FAX (512) 469-6180
www.tklaw.com

AUSTIN
DALLAS
FORT WORTH
HOUSTON
NEW YORK
SAN ANTONIO

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS
RIO DE JANEIRO
SÃO PAULO
VITÓRIA

### FACSIMILE COVER LETTER

**TO:**  Miguel Salinas

**FROM:**  Christopher D. Smith

**SUBJECT:**  *Maria Acevedo v. TransMontaigne, Inc., et al*

**DATE:**  April 5, 2010

**CLIENT/FILE #:**  514159.000005

**FAX NO.:**  956-550-1134

**PAGES: 2**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OF AN AGENT RESPONSIBLE TO DELIVER IT TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE
POSTAL SERVICE. THANK YOU.

325 E. Jefferson , Brownsville, Texas 78520
**956-550-1115(Telephone)**
**956-550-`1134(Telefax)**

**Law office of**
**Miguel Salinas**
**Attorney and Counselor at**
**Law**

# Fax

| | | | |
|---|---|---|---|
| **To:** Chris Smith | | **From:** | Miguel Salinas Attorney at Law |
| **Fax:** 214/.969-1751 | | **Date:** 4/1/10 | |
| **Phone:** | | **Pages:** 7 | |
| **Re:** Acevedo v. TransMontaigne | | **CC:** | |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☑ **Please Reply**    ☐ **Please Recycle**

**•Comments:**



EXHIBIT
B

PAGE 01/07
☑001/007

SALINAS LAW OFFICE
THOMPSON & KNIGHT    → DALFAX

9565501134
04/01/2010 18:00 FAX 214 969 1751
04/01/2010 14:53

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ACEVEDO | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 09-CV-00207 |
| | § | |
| TRANSMONTAIGNE INC., | § | |
| TRANSMONTAIGNE SERVICES, INC. | § | |
| aka TRANSMONTAIGNE PRODUCT | § | |
| SERVICES INC., and | § | |

### PLAINTIFF MARIA ACEVEDO'S RESPONSE TO DEFENDANT'S THIRD SET OF INTERROGATORIES

INTERROGATORY 11. ~~~~~~~~~~~~~~~~~~~~~~~~~~ by you during your employment with TransMontaigne to obtain full-time, part-time, or self employment (whether or not at TransMontaigne), including but not limited to the date you first attempted to obtain any such employment, the names, addresses, and telephone numbers of the potential employers and the positions sought, the dates of all contacts with each potential employer, and the results of such contacts. If you received an offer of employment but declined the offer, also state the reason(s) you did so.

ANSWER:    Not applicable.

INTERROGATORY NO. 12: If at any time after your employment with TransMontaigne ended you have been unable to work because of a physical and/or mental injury, illness, or disability of any kind, state the date(s) during which you could not work and briefly describe the nature of the injury, illness, or disability.

ANSWER:    Plaintiff had a baby in April 2009.

INTERROGATORY NO. 13: Have you at any time during or after your employment with TransMontaigne submitted an application for a benefit or benefits, whether governmental or private, of any kind concerning any medical or mental condition of you? If so, please describe the application and the disposition of such application (i.e., whether it was approved, disapproved, disapproved and later approved, or otherwise).

PAGE 02/07
☑ 002/007
SALINAS LAW OFFICE
THOMPSON & KNIGHT → DALFAX
9565501134
214 969 1751 FAX 18:00 2010/01/04
04/01/2010 14:53

ANSWER: While employed at TransMontaigne, Plaintiff had a hernia operation in 2005, dental work in approximately 2006, and a miscarriage in approximately 2007. The Plaintiff filed a claim with the company's medical insurance.

In 2009 made a claim with Medicaid for the pre-natal care and birth of her child.

Plaintiff has Medicaid that pays for routine medical visits..

INTERROGATORY NO. 14: State the dollar amount you are claiming for, or that you attribute to every (see Fed.R.Civ.P.26(a)(1)C category of damages or expenses you seek to recover against the Defendants ( e.g. lost earnings and benefits, front pay, lost wages, salary, commissions, bonuses, employment benefits actual monetary losses, out of pocket expenses, mental anguish, emotional distress, other compensatory damages, interest, liquidated damages, attorney's fees, expert witness fees, and punitive damages), explain the means by which you have calculated each dollar figure, and describe all other information and documents on which you based your calculation.

ANSWER: Plaintiff will be asking for lost wages and benefits in the past. The amount of lost wages can be calculated by taking the amount of Plaintiff's annual salary and benefits and calculating that through trial. With regards to the mental anguish Plaintiff cannot place a dollar value on her emotional distress and will leave that to the discretion of the jury. With regards to punitive damages, again Plaintiff believes that is within the jury's discretion, but in any event Plaintiff believes her damages are capped by Statute.

With regards to attorney's fees, the fees are ongoing but Plaintiff's attorney has an hourly rate of $200.00/ hour. With regards to experts, Plaintiff does not anticipate hiring experts in this case.

INTERROGATORY NO. 15: If you, or anyone acting on your behalf, has interviewed or communicated with any present or former employee of TransMontaigne with respect to the pendency of this lawsuit or any issue relevant to this lawsuit, identify each such present or former employee, state whether each such person has made or furnished to you any written statements, affidavits, reports, or other documents; state the dates when each such interview took place; and identify all persons present during each such interview or communication.

ANSWER: Javier Abrego
Brownsville, Texas
956/455-3121
No formal statement

Dennis Touchet
Still with company
No formal statement

**INTERROGATORY NO. 16:** If you have ever been a party to a Legal Proceeding, identify the parties to the Legal Proceeding; state the case or matter number assigned to the Legal Proceeding; state the date or approximate date the Legal Proceeding was commenced; state the location of the court; agency, or other tribunal where the Legal Proceeding is or was pending; state the nature of the contentions made in the Legal Proceeding; state your role in the Legal Proceeding (plaintiff, defendant, etc.); and state the current status of the Legal Proceeding.

**ANSWER:** Not applicable.

**INTERROGATORY NO. 17:** Identify all persons who you believe have knowledge of any facts relevant to any claim or defense in this lawsuit and describe the facts of which you believe each persons has knowledge.

**ANSWER:** Please see Plaintiff's responses to Request for Disclosures

**INTERROGATORY NO. 18:** If you intend to offer any <u>non-expert</u> opinion testimony (i.e., lay opinion testimony) in support of any of the claims you assert in this action, identify each such witness, and state the subject matter on which each such witness is expected to testify, the facts and opinions to which each such witness is expected to testify, and the grounds for each non-expert opinion.

**ANSWER:** Plaintiff anticipates her husband and mother will testify regarding the mental anguish she experienced as a result of her treatment and ultimate termination from TransMontaigne.

Maria Cristina Garza
5372 Ametista
Brownsville, TX 78521

Javier Abrego, Jr.
974 Alta Mesa Blvd
Brownsville, TX 78526
956/459-7508

**INTERROGATORY NO. 19:** Identify each and every document you have (a) removed from TransMontaigne's facilities, copied, e-mailed, printed, transferred, or downloaded <u>and</u> (b) maintained for use in this lawsuit or provided to another person for use in this lawsuit.

**ANSWER:** All documents Plaintiff has from TransMontaigne has been produced in response to Defendant's Request for Production.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ACEVEDO | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 09-CV-00207 |
| | § | |
| TRANSMONTAIGNE INC., | § | |
| TRANSMONTAIGNE SERVICES, INC. | § | |
| aka TRANSMONTAIGNE PRODUCT | § | |
| SERVICES INC., and | § | |

## PLAINTIFF MARIA ACEVEDO'S RESPONSE TO DEFENDANT'S
## THIRD SET OF REQUEST FOR PRODUCTION

### DOCUMENT REQUESTS

72. Printed or electronic copies of all postings on any social networking site or web log, including but not limited to Twitter, Facebook, MySpace, Xanga, LinkedIn, that refer to TransMontaigne, Mark Helmke, any event described in Petition, or any other event that you believe is relevant to the allegations you make in this lawsuit.

Not applicable.

73. All documents submitted by you or on your behalf to, or received by you or on your behalf from, any governmental agency in connection with any written charges or complaints filed with that agency by you or on your behalf.

Plaintiff is unsure if Defendant is asking with regards to this claim or any other claim, but all documents responsive to this request have been produced in Response to Defendant's Initial Request for Production. With regards to other claims, Plaintiff does not have any other documents in her possession.

74. All documents concerning any Legal Proceeding in which you have been a party or a witness.

None in Plaintiff's possession.

75. All documents that reflect or evidence any application(s) by you for a benefit or benefits, monetary or otherwise, from any entity (governmental or private) because of any

medical or mental condition you have or had or claimed to have.

     None in Plaintiff's possession.

     76.  All other documents that reflect or evidence any application(s) by you for a benefit or benefits, monetary or otherwise, from any entity (governmental or private) not requested in one of the above requests.

     None in Plaintiff's possession.

     77.  All documents constituting or reflecting communications to you from any past or present employee of TransMontaigne or on his/her behalf, referring or relating to the subject matter of this lawsuit.

     All documents that may be responsive to this request have been produced in Response to Defendant's initial Request for Production.

     78.  All documents constituting or reflecting communications from you to any past or present employee of TransMontaigne or on his/her behalf, referring or relating to subject matter of this lawsuit.

     See response to Request No. 77.

     79.  All documents reviewed by you to refresh recollection in connection with any deposition of you to be taken or other testimony to be given by you in this case.

     Plaintiff anticipates reviewing all the documents produced in Discovery as well as her responses to Interrogatories and Disclosures.

     80.  All documents that you contend evidence, reflect, support or concern any actual or potential claims by other persons against Defendants of which you are aware that are similar to the claims you assert in this lawsuit.

     None in Plaintiff's possession.

     81.  All documents you have (a) removed from TransMontaigne,s facilities, copied, e-mailed, printed, transferred, or downloaded and (b) maintained for use in this lawsuit or provided to another person for use in this lawsuit.

     None in Plaintiff's possession aside what has already been produced in prior Discovery requests.

     82.  All other documents (not already being produced) that you contend support or evidence, your contention that Defendants' conduct or actions constituted sex discrimination, as

alleged in this Petition.

Plaintiff has produced all the documents in her possession that may be responsive to this request.

83. All other documents (not already being produced) that you contend support or evidence, your contention that Defendants' conduct or actions constituted retaliation, alleged in the Petition.

Plaintiff has produced all the documents in her possession that may be responsive to this request.

84. All documents, data compilations, and tangible things (not already being produced) that you may use to support your claims asserted in this lawsuit.

Plaintiff has produced all the documents in her possession that may be responsive to this request.

85. All documents (not already produced) that you identified or that you were requested to identify in your answers to Defendant TransMontaigne Services Inc.'s First Set of Interrogatories to Plaintiff, Defendant TransMontaigne Services Inc.'s Second Set of Interrogatories to Plaintiff, or in Plaintiff's Rule 26 Initial Disclosures.

None.

PAGE 07/07

SALINAS LAW OFFICE

+ DALFAX

THOMPSON & KNIGHT

9565511134

14:53   04/01/2010

04/01/2010 18:03 FAX   214 969 1751

☑ 007/007